UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

360 CONSTRUCTION COMPANY, INC.,

                Plaintiff,              Case Number 11-12344
                                          Honorable David M. Lawson
v.                                      Magistrate Judge Paul J. Komives

ATSALIS BROTHERS PAINTING CO.,
GARRY MANOUS, and NICK ATSALAKIS,

                Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT

      The matter is before the Court on the plaintiff's motion for reconsideration of order denying motion for leave to amend complaint. On January 13, 2012, the Court denied the plaintiff's motion for leave to file first amended complaint because the plaintiff's motion did not indicate whether plaintiff's counsel sought concurrence in the relief requested from counsel for the defendants in violation of Local Rule 7.1(a).

      A motion for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(h)(3). "Generally, . . . the court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.  *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich.  2002) (citations omitted).

The plaintiff moves for reconsideration on the ground that Local Rule 7.1's language regarding submission of a stipulated order is permissive, not mandatory. Although the plaintiff is correct in one sense, the plaintiff's argument misses the point. Local Rule 7.1(a) states:

> (1)  The movant must ascertain whether the contemplated motion, or request under Federal Rule of Civil Procedure 6(b)(1)(A), will be opposed. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.

> (2)  If concurrence is not obtained, the motion or request must state:
> (A)   there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought; or
> (B)  despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference.

E.D. Mich. LR 7.1(a).

Local Rule 7.1(a) clearly requires a moving party to seek concurrence before filing its motion. In addition, the Case Management and Scheduling Order entered in this case includes the following explanation:

> The Court strictly enforces the requirements of Eastern District of Michigan Local Rules 5.1 and 7.1 and the Electronic Filing Policies and Procedures for all motions. Failure to follow these rules likely will result in a denial of the motion and may lead to sanctions.

> The Court requires strict compliance with LR 7.1(a), which requires moving parties to seek concurrence before filing a motion. The Court requires that a good-faith effort be made to obtain concurrence, which normally involves actual contact with opposing counsel. If no actual conversation occurs, the moving party must show that reasonable efforts were undertaken to conduct a conference. All of this must be documented specifically in the motion papers.

Case Management and Scheduling Order ¶ V(B)-(C).

-2-

If concurrence is obtained, the movant, as the plaintiff points out, may file its motion or submit a stipulated order. However, the moving party must provide the Court with some indication that it complied with rule regardless of what option it chooses to present its request for relief to the Court. Satisfaction of the concurrence requirement is obvious when a stipulated order is submitted. However, when a motion is filed without any hint that concurrence was sought, the Court has no option but to assume that concurrence either was not sought or not granted. Implicit in the rule is the requirement that the movant inform the Court whether the opposing party concurs with the request. Without that knowledge the Court is required to expend judicial resources on extraneous motion hearings. This conclusion is supported by the fact that, if concurrence is not obtained, the moving party must describe its attempts to do so in the motion. E.D. Mich. LR 7.1(a)(2).

As discussed in the Court's order denying the plaintiff's motion for leave to file first amended complaint, the motion did not indicate whether plaintiff's counsel sought concurrence in the relief requested from counsel for the defendants. Without some indication to the contrary, the Court is left to assume that the plaintiff did not comply with Local Rule 7.1.

The plaintiff has not pointed to a palpable defect that misled the Court. Therefore, the plaintiff's motion for reconsideration will be denied.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration of order denying motion for leave to amend complaint [dkt. #32] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  January 20, 2012

-3-

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 20, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL