UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

360 CONSTRUCTION COMPANY, INC.,

|  |  |
|---|---|
| Plaintiff, | CASE NO. 2:11-CV-12344<br>JUDGE DAVID M. LAWSON<br>MAGISTRATE JUDGE PAUL J. KOMIVES |

v.

ATSALIS BROTHERS PAINTING CO.,
GARRY D. MANOUS,
NICK ATSALAKIS and
ANDREW RICHNER,

Defendants,

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S JANUARY 11, 2012 MOTION TO COMPEL COMPLETE RESPONSES TO ITS FIRST SET OF INTERROGATORIES AND REQUESTS TO PRODUCE (Doc. Ent. 28)**

**A.      Background**

Plaintiff filed its original complaint on May 27, 2011.  Doc. Ent. 1.  On January 24, 2012,

plaintiff filed an amended complaint.  Doc. Ent. 38.

On February 28, 2012, plaintiff filed a second amended complaint.  Doc. Ent.  54.

Defendants are Atsalis Brothers Painting Co., Garry D. Manous, Nick Atsalakis and Andrew

Richner.  Doc. Ent. 54 ¶¶ 2-5.  The causes of action include (I) interference with business

contract; (II) interference with business relationship; (III) defamation per se; (IV) libel; (V)

unlawful disparagement; (VI) negligence; and (VII) respondent [sic] superior.[1]

---

[1] Attached to this complaint are a June 23, 2010 Memo from Andrew C. Richner of Clark Hill to Nick Atsalakis of Atsalis Brothers Painting Co. (Doc. Ent. 54-2, Bates 001-003); a June 9, 2010 email from Manous to Johnson and Steudle, with a June 9, 2010 letter attached (Doc. Ent. 54-3, Bates 124-126); a June 9, 2010 email from Manous to Van Portfliet, with a June 9, 2010 letter attached (Doc. Ent. 54-4, Bates 184-186); a June 9, 2010 email from Manous to Nowack, with a June 9, 2010 letter attached (Doc. Ent. 54-5, Bates 150-152); a June 7, 2010 email from Christos

Pursuant to Judge Lawson's amended case management and scheduling order, the discovery deadline is June 27, 2012 and the dispositive motion deadline is July 5, 2012.

**B.      Plaintiff's January 11, 2012 Motion to Compel (Doc. Ent. 28)**

Plaintiff served discovery requests on September 27, 2011.  Doc. Ent. 28-2.  Defendants Atsalis Brothers Painting Co., Garry D. Manous and Nick Atsalakis served a response on October 27, 2011.  Doc. Ent. 28-3.

Currently before the Court is plaintiff's January 11, 2012 motion to compel complete responses to its first set of interrogatories and requests to produce.  Doc. Ent. 28.  Specifically, plaintiff takes issue with defendants' responses to discovery request Nos. 6, 13, 16, 17, 23-25, 28, 31, 36, 37 and 38.  Doc. Ent. 28 at 4-7.  Ultimately, plaintiff requests that defendants be compelled "to provide complete answers to Plaintiff's First Set of Interrogatories and Requests within ten days."  Doc. Ent. 28 at 7.[2]

On January 30, 2012, defendants Atsalis Brothers Painting Co., Gary D. Manous and Nick Atsalakis filed a response.  Doc. Ent. 41.  Defendants' response specifically addressed discovery request Nos. 6, 13, 16, 17, 23-25, 28, 31, 36, 37 and 38.  Doc. Ent. 41 at 2-5.

**C.      Discussion**

On March 27, 2012, attorneys Mark F. Kruse (OH) and Douglas E. Kuthy appeared on plaintiff's behalf.  Attorney Stephanie I. Marino Anderson appeared on behalf of defendants.

---

Bakalis of Atsalis Brothers to Kim Nowack (Doc. Ent. 54-6, Bates 0112); and a six-page November 23, 2010 Auditor Report from the State of Michigan's Office of Commission Audits (Doc. Ent. 54-7).  *See* Doc. Ent. 54-1 (Appendix of Exhibits).

[2]Judge Lawson referred this motion to me for hearing and determination.  Doc. Ent. 30.

2

In lieu of conducting a hearing, I conducted a discovery conference.  During this conference, I made the following rulings:

**Interrogatory Nos. 6 and 13.**  These interrogatories seek information regarding the factual bases of certain allegations in the June 9, 2010 letter from Manous of Atsalis Brothers Painting to Gregory C. Johnson of MDOT (Doc. Ent. 1-2) and the June 23, 2010 Memo from Andrew C. Richner of Clark Hill to Nick Atsalakis of Atsalis Brothers Painting Co. (Doc. Ent. 1-3), each of which was attached to plaintiff's May 27, 2011 complaint (Doc. Ent. 1).  Defendants responded "[s]ee Memorandum of [June 23, 2010] and exhibits, letter of [June 9, 2010] and exhibits and additional documents and information to be learned in discovery in this case including discovery responses filed by the plaintiff to date which are incomplete."  Upon consideration, defendants shall serve amended responses to Interrogatory Nos. 6 and 13 to reflect that the documents to which these answers refer are, at this time, the only responsive documents in defendants' "possession, custody, or control[,]" Fed. R. Civ. P. 34(a)(1), of which defendants are aware.

**Request for Production No. 16, Interrogatory No. 17 and Interrogatory No. 28.** These discovery requests seek employee, shareholder, officer and director information for Atsalis Brothers Painting Co.  Defendants objected to each of these requests as "irrelevant and immaterial to any issue in this case," and as seeking information which is "privileged and confidential."  I conclude that these requests seek discoverable inofrmation relevant to claims or defenses and that defendants have failed to establish that the information being sought is in any way privileged or "confidential."  Defendants' objections are therefore overruled, and defendants

must serve amended responses to these discovery requests, with the exception that defendants need only respond to Interrogatory No. 28 from January 1, 2005 forward.

**Interrogatory No. 23.**  By this interrogatory, plaintiff requests, "[i]f you, your attorneys, or agents have any statements in any form from any person regarding the claims referred to in [the] complaint, state the name and address of the person or persons giving the statement, the name and address of the person or persons to whom the statements were made, the dates they were made, whether the statements were written, oral or by recording device and the names and addresses of persons presently having custody of such statements or copies of them." Defendants responded, "[s]ee documents attached to letter of [June 9, 2010] and Memorandum of [June 23, 2010] per copies attached pages 0001-0110."  Upon consideration, defendants shall serve an amended response to Interrogatory No. 23 to reflect that the documents to which these answers refer are, at this time, the only responsive documents in defendants' "possession, custody, or control[,]" Fed. R. Civ. P. 34(a)(1), of which defendants are aware.

**Interrogatory Nos. 24 and 25.**  Interrogatory No. 24 asks "[d]o the defendants or their attorneys, agents, representatives, investigators or employees have any photographs, drawings, charts, graphs or other written material made by anyone relating to the claims alleged in the complaint?" Interrogatory No. 25 requests certain information if the answer to Interrogatory No. 24 "is in the affirmative[.]"  As to each of these interrogatories, defendants responded, "[s]ee documents attached to letter of 6/9/10 and Memorandum of 6/23/10 per copies attached pages 0001-0110."  Upon consideration, defendants shall provide an affidavit that the documents to which these answers refer are, at this time, the only responsive documents in defendants' "possession, custody, or control[,]" Fed. R. Civ. P. 34(a)(1), of which defendants are aware.  The

4

affidavit should also describe the types of searches made for the information requested by Interrogatory Nos. 24 and 25. Furthermore, if there are responsive documents being withheld, the affidavit should set forth the reason for withholding such documents.

**Request for Production Nos. 31, 36, 37 and 38.** These requests seek information about Atsalis's bid for the Mackinac Bridge project at issue in this case. Defendants objected to each of these requests on the basis of relevance and also objected to Request Nos. 36, 37 and 38 on the basis that these sought privileged and confidential information. Defendants' objections to these requests are overruled, and defendants shall serve amended responses to these discovery requests, because I conclude that these requests seek information which is "relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1).[3]

### D.   Order

In accordance with the foregoing, plaintiff's January 11, 2012 motion to compel complete responses to its first set of interrogatories and requests to produce (Doc. Ent. 28) is GRANTED IN PART and DENIED IN PART. Defendants shall serve (a) amended responses as set forth above and (b) the aforementioned affidavit within twenty-one (21) days of the date of this order.

Additionally, defendants are reminded of their duties under Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses.") and the consequences set forth in Fed. R. CIv. P. 37(c) ("Failure to Disclose, to Supplement an Earlier Response, or to Admit."). Furthermore, defendants are reminded that any discovery produced after the discovery deadline, currently set

---

[3]During the March 27, 2012 discussion, plaintiff's counsel withdrew Interrogatory No. 18 as currently phrased.

at June 27, 2012, will require leave of Court in order to use such discovery in defense of this matter.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: March 28, 2012          s/Paul J. Komives
                               PAUL J. KOMIVES
                               UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 28, 2012 by electronic and/or U.S. mail.

                               s/Michael Williams
                               Relief Case Manager for the Honorable
                               Paul J. Komives

6